UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

---------------------------------------------------- x
:
BEMONT INVESTMENTS, L.L.C., BY :
AND THROUGH ITS TAX MATTERS :
PARTNER, AND BPB INVESTMENTS, :
LC, BY AND THROUGH ITS TAX :
MATTERS PARTNER, :
: C.A. No. 4:07-cv-00009-MHS-DDB;
Plaintiffs, : C.A. No. 4:07-cv-00010-MHS-DDB
: (consolidated) **(pending in E.D. Tex.)**
v. :
:
UNITED STATES OF AMERICA, :
:
Defendant. :
:
---------------------------------------------------- x

**DEUTSCHE BANK SECURITIES INC.'S OPPOSED MOTION
TO QUASH SUBPOENAS FOR RULE 30(b)(6) DEPOSITIONS**

Non-party Deutsche Bank Securities Inc. ("Deutsche Bank" or "DBSI") files this motion to quash two subpoenas for Rule 30(b)(6) depositions served upon it by Plaintiffs Bemont Investments, L.L.C., and BPB Investments, LC, dated July 31, 2009, and August 11, 2009, respectively (the "Subpoenas"), copies of which are included in the attached Appendix as Exhibits A and B to the accompanying Declaration of David F. Owens attached as Exhibit 1, dated August [24], 2009 (the "Owens Dec.").[1]

**PRELIMINARY STATEMENT**

In the underlying tax dispute pending in the Eastern District of Texas, Plaintiffs contend that under the applicable statute of limitations, the IRS became aware of certain transactions (the "Transactions") early enough to preclude the government's

---

[1] The Subpoenas are addressed to "Deutsche Bank Alex [*sic*] Brown, Inc." In fact, Deutsche Bank Alex. Brown is a division of Deutsche Bank Securities Inc. Accordingly, the moving party is Deutsche Bank Securities Inc., which is referred to in this motion either as "Deutsche Bank" or, when it is necessary to distinguish it from its parent entity, Deutsche Bank AG, as "DBSI."

challenge to tax returns in which Plaintiffs claimed losses based on the Transactions. Rather than seeking discovery about the date when the IRS was put on notice of the Transactions from the most logical source, the government, Plaintiffs have inexplicably chosen to burden Deutsche Bank – which is not a party to the litigation – with extensive and excessive discovery demands. The Subpoenas not only required Deutsche Bank to produce thousands of pages of documents, which it has done, but also compel Deutsche Bank to submit to unnecessary and unduly burdensome Rule 30(b)(6) depositions regarding the dates on which Deutsche Bank (i) received documents requests from the IRS pertaining to the Transactions (Owens Dec. Exs. A and B, both at ¶ 3); (ii) produced documents to the IRS (*id.* ¶ 4); and (iii) gave the IRS any documents relating to the Transactions, "including but not limited to reportable transaction lists (as defined in I.R.C. § 6112)." *Id.* ¶ 5. Plaintiffs apparently seek this discovery to establish when the IRS first received such documents from Deutsche Bank to support their statute of limitations defense.

In response to the Subpoenas, Deutsche Bank has produced thousands of pages of documents relating to Plaintiffs and the Transactions, including the cover letters that accompanied its document productions to IRS, which refer to the dates of the IRS summonses to which it was responding. Consequently, the Rule 30(b)(6) depositions demanded by Plaintiffs would serve no purpose because the documents that Deutsche Bank produced provide the information that Plaintiffs seek. Accordingly, the Rule 30(b)(6) depositions would impose an undue burden on non-party Deutsche Bank, and the Subpoenas for those depositions should be quashed.

**DEUTSCHE BANK'S MOTION TO QUASH**

In addition, the Subpoenas must be quashed because Plaintiffs failed to comply with the clear requirements of Rule 45(b) in serving the Subpoenas; specifically, they failed to tender the amount of the witness fee for one day's attendance and mileage allowed by law.

## STATEMENT OF FACTS

On July 31, 2009, Plaintiffs served a subpoena from this court on Deutsche Bank commanding, among other things, the production of a substantial volume of documents on the next business day (August 3, 2009), and a Rule 30(b)(6) deposition in Dallas on September 10, 2009. The Rule 30(b)(6) deposition topics were on the issue of the dates on which Deutsche Bank received and responded to IRS summonses concerning the Transactions. *See* Owens Dec. Ex. A, Subpoena at ¶¶ 3-5. Plaintiffs simultaneously served on Deutsche Bank AG (DBSI's parent entity) a substantially identical subpoena from the Southern District of New York requiring a Rule 30(b)(6) deposition in New York on the same date on the identical issue. *See* Owens Dec. Ex. C, Subpoena at ¶¶ 3-5. Without withdrawing the first set of Subpoenas, Plaintiffs served a second set of Subpoenas on August 11, 2009, substantially identical to the first except for the deposition dates: one from the Southern District of New York commanding the appearance of a Rule 30(b)(6) witness on August 25, 2009 in New York on behalf of Deutsche Bank AG and one from this court commanding the appearance of a Rule 30(b)(6) witness on August 26, 2009 in Dallas on behalf of DBSI. *See id.* at Exs. B, D.

Counsel for Deutsche Bank accepted service of both of the Subpoenas by agreement, but Plaintiffs never requested, and Deutsche Bank never agreed to, any

**DEUTSCHE BANK'S MOTION TO QUASH**

modification of the applicable provisions of Rule 45(b) regarding payment of the required attendance and mileage fees with service of the Subpoenas. *Id.*, ¶ 3. No attendance or mileage fees were tendered with the Subpoenas. *Id.*, ¶ 4.

On August 10, 2009, Deutsche Bank produced 3,466 pages of documents responsive to the Subpoenas, including the documents relating to Plaintiffs and the Transactions that Deutsche Bank had produced to the IRS and the accompanying cover letters from Deutsche Bank's counsel to counsel for the IRS referring to the dates of the pertinent IRS summonses. *Id.*, ¶ 5 and Ex E. Thus, the production provides a record of when Deutsche Bank received the IRS summonses at issue and when it produced the responsive documents.

Counsel for Deutsche Bank attempted to confer by telephone with counsel for Plaintiffs regarding this motion and left messages on August 17 and 20, 2009. On August 20, 2009, Deutsche Bank's counsel sent Plaintiffs' counsel an e-mail saying:

> The reason I've been calling is to discuss whether you still wish to proceed with the noticed Rule 30(b)(6) depositions. Now that you have had an opportunity to review the documents that we produced on August 10, it should be apparent that the timeline of requests from the IRS and responses by Deutsche Bank can be ascertained from the documents in that production. We would be glad to discuss with you a declaration authenticating those documents and addressing the completeness of the production, and we would consider any other issues you may wish to have addressed in a declaration, but, as I have said to you previously, we do not believe that Rule 30(b)(6) depositions would serve any useful purpose because all the witness could do would be simply to refer to the documents in response to questions about the chronology of IRS requests and Deutsche Bank responses to those requests. I would appreciate it if you would call me to discuss this and any other issues you would care to discuss. If we are not able to reach an agreement, Deutsche Bank intends to move

**DEUTSCHE BANK'S MOTION TO QUASH**

4

>to quash the subpoenas.  Please let me know whether you
>would oppose those motions.  Thank you.

*Id.*, ¶ 6, Ex. F.  Laura L. Gavioli of Sonnenschein Nath & Rosenthal LLP, Plaintiffs' counsel, responded in an e-mail on August 21, 2009, saying, "Plaintiffs disagree that the recent production answers our outstanding questions, so we will not be able to withdraw the subpoenas insofar as they call for 30(b)(6) witnesses.  We understand that you will move forward with a motion to quash, which we will oppose."  *Id.*, ¶ 6, Ex. G.

Deutsche Bank AG is filing a similar motion in the Southern District of New York seeking an Order quashing the subpoenas for Rule 30(b)(6) depositions served upon it by Plaintiffs from that court.

**ARGUMENT**

**I.     THE SUBPOENAS MUST BE QUASHED BECAUSE
        THEY SUBJECT DEUTSCHE BANK TO AN UNDUE BURDEN**

"A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed. R. Civ. P. 45(c)(1).  Where, as here, the party or attorney responsible for the issuance and service of the subpoena fails to do so, "[o]n timely motion, the issuing court must quash or modify a subpoena that . . . (iv) subjects [the subpoenaed] person to undue burden."  Fed. R. Civ. .P. 45(c)(3)(A).

Here, preparing and making available a Rule 30(b)(6) witness would impose an undue burden on Deutsche Bank for two reasons.  As an initial matter, the additional discovery that Plaintiffs seek concerning when the IRS was put on notice of the Transactions should be sought from the government.  Given that the IRS presumably sought information about Plaintiffs and the Transactions from other sources in addition to

**DEUTSCHE BANK'S MOTION TO QUASH**

Deutsche Bank, *e.g.,* Plaintiffs' accountants, tax advisors and tax return preparers, the most efficient means of ascertaining when the IRS was first put on notice of the Transactions by information from any of those sources would be to seek discovery on that issue directly from the government. *See Bagwell v. Rival Consumer Sales Corp.*, No. EP-06-CA-117-FM, 2006 WL 2883137 at *3 (W.D. Tex., Sept. 19, 2006) (quashing subpoena for non-party deposition because, *inter alia*, the party issuing the subpoena failed to show that the information sought was obtainable only from the subpoenaed non-party and not from the adverse party).

Second, and in any event, the Rule 30(b)(6) depositions that Plaintiffs demand would be a pointless expenditure of resources because it would be duplicative of the discovery already received by Plaintiffs by means of Deutsche Bank's document production. The documents produced by Deutsche Bank to Plaintiffs provide the desired information about the dates on which Deutsche Bank received and responded to the IRS summons. Indeed, a Rule 30(b)(6) witness could provide no information about those issues other than to refer the questioner to the contents of the produced documents. *See Carroll v. Variety Children's Hosp.*, 2007 WL 2446553 at *2, E. D. Tex., Aug. 23, 2007 (granting motion to quash subpoena for deposition as unduly burdensome because, *inter alia*, the issues enumerated for questioning at the deposition would have been cumulative and duplicative of discovery already obtained).

In sum, everything necessary to establish the dates by which the IRS requested and Deutsche Bank produced the documents in question is available to Plaintiffs in the documents that Deutsche Bank has produced to them, the completeness and authenticity of which Deutsche Bank has offered to certify in an appropriate

**DEUTSCHE BANK'S MOTION TO QUASH**

declaration. Thus, a Rule 30(b)(6) deposition would serve no useful purpose and would impose a substantial and unnecessary burden on non-party Deutsche Bank.

## II.   THE SUBPOENAS MUST ALSO BE QUASHED BECAUSE OF A PROCEDURAL DEFECT IN SERVICE

The Subpoenas must be quashed for an independently sufficient procedural reason as well, *i.e.,* because they were not accompanied by the witness attendance fee and mileage fee required by Rule 45(b)(1), which provides in pertinent part that "Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). Thus, failing to tender the required fees renders the attempted service fatally defective.

Under such circumstances, "the command of Rule 45 as interpreted by the Fifth Circuit Court of Appeals requires this Court to find that the [S]ubpoena[s] [were] served in a procedurally deficient manner warranting the Court in quashing the [S]ubpoena[s]." *Carroll v. Variety Children's Hosp.*, No. 4:07-MC-033, 2007 WL 2446553 at *2 (E.D. Tex., Aug. 23, 2007).

> The Fifth Circuit Court of Appeals has interpreted Rule 45(b)(1) as requiring tender of these fees contemporaneous with service of the copy of the subpoena. *In re Dennis*, 330 F.3d 696, 704-05 (5th Cir. 2003). A witness is entitled to forty dollars per day as compensation for his attendance at a proceeding. 28 U.S.C. § 1821(b) (2006). In *Dennis*, the court upheld the lower court's decision to quash a subpoena because the required mileage fee was not tendered. *Id*. at 705. That the mileage fee "would have been less than five dollars" was immaterial. *Id*.

*Carrol*, 2007 WL 2446553 at *2.

**DEUTSCHE BANK'S MOTION TO QUASH**

7

As a courtesy, Deutsche Bank's counsel agreed to accept service of the Subpoenas, but Plaintiffs never sought, and Deutsche Bank never agreed to, any modification of the provisions of Rule 45 regarding the tendering of attendance and mileage fees contemporaneous with service of the Subpoenas. Plaintiffs' failure to tender the mandated witness attendance fee and mileage fee when serving the Subpoenas provides a separate and independent basis on which the Subpoenas must be quashed.

## II.    REQUEST FOR EXEMPTION FROM LOCAL COUNSEL REQUIREMENT (LOCAL RULE 83.10)

Because of the limited nature of this proceeding, which will only entail disposition of this motion to quash, and in order to further limit the burden and expense caused by Plaintiffs' subpoena, Deutsche Bank respectfully requests exemption from the requirement of Local Rule 83.10 to maintain local counsel.

**DEUTSCHE BANK'S MOTION TO QUASH**

## CONCLUSION

For the reasons set forth above, Deutsche Bank respectfully requests that the Court grant its motion to quash the Subpoenas for Rule 30(b)(6) depositions and enter an Order substantially in the form of the proposed form of Order submitted pursuant to Local Rule 7.1(c).

Dated: August 24, 2009

          Respectfully submitted,

          **DEWEY & LEBOEUF LLP**

          /s/ Stephen M. Ryan

By:_____
    Stephen M. Ryan
    Texas Bar No. 24002881
    1000 Main Street, Suite 2550
    Houston, TX  77002
    Telephone: (713) 287 2000
    Facsimile: (713) 287 2100
    sryan@dl.com

    Lawrence M. Hill
    lhill@dl.com
    (pro hac vice application pending)
    David F. Owens
    (pro hac vice application pending)
    dowens@dl.com
    DEWEY & LEBOEUF LLP
    1301 Avenue of the Americas
    New York, New York  10019-6092
    Telephone: (212) 259-8000
    Facsimile: (212) 259-6333

    *Attorneys for Deutsche Bank Securities Inc.*

## CERTIFICATE OF CONFERENCE

I certify that counsel for Deutsche Bank Securities Inc. ("Deutsche Bank") attempted to confer by telephone with counsel for Plaintiffs and left messages on August 17 and 20, 2009. On August 20, 2009, I sent Plaintiffs' counsel an e-mail saying:

> The reason I've been calling is to discuss whether you still wish to proceed with the noticed Rule 30(b)(6) depositions. Now that you have had an opportunity to review the documents that we produced on August 10, it should be apparent that the timeline of requests from the IRS and responses by Deutsche Bank can be ascertained from the documents in that production. We would be glad to discuss with you a declaration authenticating those documents and addressing the completeness of the production, and we would consider any other issues you may wish to have addressed in a declaration, but, as I have said to you previously, we do not believe that Rule 30(b)(6) depositions would serve any useful purpose because all the witness could do would be simply to refer to the documents in response to questions about the chronology of IRS requests and Deutsche Bank responses to those requests. I would appreciate it if you would call me to discuss this and any other issues you would care to discuss. If we are not able to reach an agreement, Deutsche Bank intends to move to quash the subpoenas. Please let me know whether you would oppose those motions. Thank you.

A copy of that e-mail is attached as Exhibit F to my Declaration in support of this motion. Laura L. Gavioli of Sonnenschein Nath & Rosenthal LLP, Plaintiffs' counsel, responded in an e-mail on August 21, 2009, saying, "Plaintiffs disagree that the recent production answers our outstanding questions, so we will not be able to withdraw the subpoenas insofar as they call for 30(b)(6) witnesses. We understand that you will move forward with a motion to quash, which we will oppose." A copy of that e-mail is attached as Exhibit G to my Declaration.

/s/ David F. Owens
David F. Owens

**DEUTSCHE BANK'S MOTION TO QUASH**

10

## CERTIFICATE OF SERVICE

I certify that a copy of Deutsche Bank Securities Inc.'s Opposed Motion to Quash Subpoenas for Rule 30(b)(6) Depositions was served on all counsel of record, as shown below, on August 24, 2009, by e-mail and Federal Express to:

>M. Todd Welty, Esq.
>Sonnenschein Nath & Rosenthal LLP
>2000 McKinney Avenue, Suite 1900
>Dallas, Texas 75201
>twelty@sonnenschein.com

and by e-mail and overnight express mail to:

>Robert J. Kovacev, Esq.
>Tax Division, U.S. Department of Justice
>P.O. Box 55
>Ben Franklin Station
>Washington, D.C. 20044
>Robert.J.Kovacev@usdoj.gov

_____
David F. Owens

**DEUTSCHE BANK'S MOTION TO QUASH**